UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| - v - | 20 CR 52 (DLC) |
| EDWARD ABREU, <br> ALICIA ARIAS, <br> LUIS FRIAS, <br> TIMOTHY WALLACE, <br>   a/k/a "Larry," <br> DEREK LIVINGSTON, <br>   a/k/a "Wiz," <br> CHARKEEM PAYNE, <br>   a/k/a "Lite," <br> CAROL LANE, <br> TRACEY SMITH, <br>   a/k/a "Trey," <br> HERMAN STEWARD, <br> TASHA BURNETT, <br>   a/k/a "Dutchis," <br> TYRISS GWYNN, <br> EDGAR MONTES, <br>   a/k/a "E," and <br> FERNANDO DISLA, <br>   a/k/a "Lolo," <br>                    Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned defense counsel, and the defendants having requested discovery under Federal Rule of Criminal Procedure 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's

disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

    2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.  With respect to certain sensitive disclosure material, referred to herein as "attorney's eyes only material," these same concerns are particularly acute.  The Government's designation of disclosure material as sensitive disclosure material or attorney's eyes only material will be controlling absent contrary order of the Court.

    **Business Confidential Information.**  Certain of the Government's disclosure material, referred to herein as "business confidential information," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to an affected business entity and its stakeholder(s).  The Government's designation of disclosure material as business confidential information will be controlling absent contrary order of the Court.

    **Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without the need for substantial redaction and minimize any related litigation.  It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

**Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

Disclosure material, including information obtained or derived from disclosure material, shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

Disclosure material that is not sensitive disclosure material, including attorney's eyes only material, or business confidential material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

Sensitive disclosure material and business confidential material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action, provided, however, that no such prospective witnesses may be provided with sensitive disclosure material or business confidential material or copies of sensitive disclosure material or business confidential material for their own possession.

Attorney's eyes only material—which defense counsel, including any successor counsel, may not disclose to the defendants—may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action.

The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. At any time, defense counsel may request from the Government such authorization, in writing, for disclosure of disclosure material beyond that otherwise permitted by this Order, including disclosure of attorney's eyes only material to the defendants. The Government will promptly review any such request and either provide authorization, in writing, for the sought disclosure of disclosure material or provide defense counsel with an explanation, in writing, as to why the sought disclosure of disclosure material cannot occur at that time, so as to facilitate this Court's consideration of any disputes regarding the Government's designation of disclosure material as sensitive disclosure material, including attorney's eyes only material, and business confidential information.

This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation underlying this case, from various devices. With the consent of the undersigned defense counsel, the Government is authorized to disclose the entirety of such seized ESI as the Government believes may contain disclosure material, the entirety of which will constitute disclosure material.

### Return or Destruction of Material

Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

The defense shall provide a copy of this Order to all persons to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what disclosure materials have been disclosed to which such persons beyond personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action.

### Retention of Jurisdiction

The provisions of this Order shall not terminate at the conclusion of the case, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

By: *Thomas John Wright*  Date: April 10, 2020
THOMAS JOHN WRIGHT
Assistant United States Attorney
(212) 637-2295

```
So ordered.   4.27.2020.

            _____
              DENISE COTE
            United States District Judge
```

5

_____   Date: 4/13/20
MARK COHEN
PETER FRANKEL
Counsel for EDWARD ABREU

/s Lawrence DiGiansante/TJW   Date: April 20, 2020/TJW
_____
LAWRENCE DIGIANSANTE
Counsel for ALICIA ARIAS

_____   Date: 04/15/2020
TELESFORO DEL VALLE
Counsel for LUIS FRIAS

Nicole Friedlander   Date: April 15, 2020
_____
NICOLE FRIEDLANDER
Counsel for TIMOTHY WALLACE

_____   Date: 4/13/20
PETER QUIJANO
Counsel for DEREK LIVINGSTON

_____   Date: 4/23/20
MICHAEL SPORN
Counsel for CHARKEEM PAYNE

/s Richard Lind/TJW   Date: April 24, 2020/TJW
_____
RICHARD LIND
Counsel for TRACEY SMITH

_____   Date: April 13, 2020
AVRAHAM MOSKOWITZ
Counsel for HERMAN STEWARD

/s/ Irving Cohen   Date: April 14, 2020
_____
IRVING COHEN
Counsel for TASHA BURNETT

6

_____    Date: __4/20/2020__
CHRISTINE DELINCE
Counsel for TYRISS GWYNN

_____    Date: __4/10/2020__
JAMES ROTH
Counsel for EDGAR MONTES

__/s/ Jonathan Marvinny_____    Date:   4/13/20
JONATHAN MARVINNY
Counsel for FERNANDO DISLA

SO ORDERED:

Dated:  New York, New York

     _____, 2020

                                            _____
                                            THE HONORABLE DENISE L. COTE
                                            UNITED STATES DISTRICT JUDGE

7