```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
          -v-                        :    S1 20cr0052 (DLC)
                                     :
EDWARD ABREU, ALICIA ARIAS, LUIS FRIAS, :     ORDER
TIMOTHY WALLACE, a/k/a "Larry," DEREK :
LIVINGSTON, a/k/a "Wiz," CHARKEEM    :
PAYNE, a/k/a "Lite," CAROL LANE, TRACEY :
SMITH a/k/a "Trey," HERMAN STEWARD,  :
TASHA BURNETT, aka "Dutchis," TYRISS :
GWYNN, EDGAR MONTES, a/k/a "E," and  :
FERNANDO DISLA, a/k/a "Lolo,"        :
                                     :
               Defendants.           :
------------------------------------X
```

DENISE COTE, District Judge:

A trial is scheduled for November 2, 2020 in this 13 defendant case. The Government and defendants have requested an adjournment until June 14, 2021. The relevant background includes the following.

Fernando Disla was indicted on January 21, 2020. In a conference held on January 23, a trial date was set for April 27, 2020. On March 5, 12 additional defendants were charged in a superseding indictment. On March 12, the newly indicted defendants were arraigned and a trial for all defendants was scheduled for November 2, 2020. On March 13, New York City Mayor Bill DeBlasio declared a state of emergency due to the COVID-19 pandemic. On June 10, the Court granted the parties'

request to extend the defendants' deadline for submission of pretrial motions from June 29 to August 24.

No jury trials have been conducted in this district since March 2020. The Foley Square courthouses did not reopen for scheduled in-court appearances until July 2020. Planning is underway for the resumption of jury trials, including criminal jury trials, to begin at some point this Fall. As a consequence, on August 6, this Court issued an Order requiring the defendants to advise the Court by August 13 whether any defendant currently intends to proceed to trial.

As of this date, 9 of the 13 defendants are detained, all at the MCC or the MDC. No in-person attorney visits are currently permitted to occur at either the MCC or the MDC. That ban, which was instituted to protect the health of inmates, prison personnel and visitors, is expected to be lifted soon. The Bureau of Prisons has resumed movement of sentenced prisoners to the institutions designated for the service of their sentences and that movement is expected to accelerate, health conditions permitting, over the coming weeks.

On August 7, the Government wrote on behalf of all parties to request that the trial be adjourned to June 14, 2021, and that the date for motions by the defendants be extended to October 19, 2020. The Government's letter explains that the June 14 trial date was chosen because it is the earliest date

that allows for a two-week trial for which all defense counsel are available.  Having considered this request, the history of this prosecution, and the impact of the pandemic on criminal proceedings, it is hereby

ORDERED that any defendant who has been unable to adequately review discovery material and/or discuss the defendant's desire to proceed to trial with his/her counsel by **September 26, 2020** shall advise the Court by that date (1) of the efforts made to conduct that review and to conclude those discussions and (2) of any request to facilitate the conclusion of that review and those discussions.

IT IS FURTHER ORDERED that the defendants' pretrial motions are due **October 16, 2020.**  Any opposition from the Government is due **November 6, 2020.**

IT IS FURTHER ORDERED that any defendant who wishes to proceed to trial shall advise the Court of that desire no later than **November 6, 2020.**

IT IS FURTHER ORDERED that the trial is adjourned to **June 14, 2021,** with the following condition.  Any defendant who wishes a trial to occur earlier in 2021 shall so advise the Court by **November 6, 2020.**

IT IS FURTHER ORDERED that time under the Speedy Trial Act is excluded until June 14, 2021, that exclusion being in the interests of justice and outweighing the best interests of the

defendants and the public in a speedy trial.  The adjournment is required by the COVID-19 pandemic and the many steps that have been taken by governments, public and private institutions, and by individuals to protect the health and safety of the national community, including each of the participants in this criminal proceeding.  It will permit defense counsel to consult fully with the defendants, permit the defendants to assess whether they wish to proceed to trial, permit those defendants who prefer to enter pleas of guilty to negotiate a disposition with the assistance of counsel, permit any defendant who wishes to proceed to trial to prepare for that trial, ensure continuity of defense counsel, and allow the Government the opportunity to prepare for trial after it knows which of the defendants wish to proceed to trial.  18 U.S.C. § 3161(h)(7)(A).

IT IS FURTHER ORDERED that any objection to this Order shall be made by **August 21, 2020**.

Dated:    New York, New York
          August 11, 2020

_____
DENISE COTE
United States District Judge