```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :     20cr052-1 (DLC)
            -v-                          :
                                         :     MEMORANDUM OPINION
FERNANDO DISLA, a/k/a "Lolo,"            :          AND ORDER
                                         :
                        Defendant.       :
---------------------------------------- X
```

DENISE COTE, District Judge:

In a submission docketed on March 20, 2023, Fernando Disla moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He is currently serving a term of imprisonment of 70 months and his projected release date is November 10, 2024. For the following reasons, his motion is denied.

Disla was arrested on November 22, 2019, on drug distribution charges, and charged on January 21, 2020, in a superseding indictment that included drug conspiracy charges. Disla manufactured and distributed crack cocaine and had many prior convictions for drug offenses. On January 5, 2021, Disla pleaded guilty to participating in a conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). That charge carried a mandatory minimum term of imprisonment of five years.

Disla was sentenced on April 8, 2021, principally to 70 months' imprisonment. At the proceeding, the Court calculated the sentencing guidelines range as 188 to 235 months'

imprisonment. The Probation Department recommended a sentence of 80 months' imprisonment; the Government requested a sentence above 87 months' imprisonment; and the defendant requested a sentence of 70 months' imprisonment.

The standard for compassionate release is well established. A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and if there are "extraordinary and compelling reasons" warranting a reduced sentence. District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination. United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted). Although a court has broad discretion to consider what circumstances might qualify as extraordinary and compelling, "rehabilitation alone shall not be considered an extraordinary and compelling reason." Id. at 238 (quoting 28 U.S.C. § 994(t)).

If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release. United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). Even if the court concludes that the petitioner has not presented the requisite

extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release. United States v. Jones, 17 F.4th 371, 374-75 (2d Cir. 2021).

On December 22, 2022, Disla submitted a request for compassionate release to his warden. Accordingly, Disla has satisfied § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court may consider his request.

Disla seeks compassionate release on the grounds that the conditions of his incarceration are extremely harsh, his grandmother needs his care, he has been unable to obtain a transfer to a less restrictive prison, he has been unable to enter the RDAP program because a state detainer has been lodged against him, and he has an exemplary prison record. None of these constitute extraordinary circumstances.

Even if Disla had identified an extraordinary circumstance allowing compassionate release, the § 3553(a) factors counsel against release. Disla has a significant criminal history record related to drug distribution. He repeatedly returned to drug dealing after convictions on drug offenses. Here, he was given a sentence reflecting a substantial variance from his guidelines range and below the sentences requested by the Government and recommended by the Probation Department. Issues

of appropriate punishment and adequate deterrence weigh strongly against any further reduction in his sentence. Accordingly, it is hereby

ORDERED that Disla's motion for compassionate release is denied. The Clerk of Court shall mail Disla a copy of this Order and note mailing on the docket.

Dated:    New York, New York
          March 24, 2023

_____
DENISE COTE
United States District Judge